UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDRA GARRISON NEVILLE,

      Plaintiff,

v.                                                                               Case No:   6:20-cv-2282-WWB-LHP

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant

ORDER

Before the Court is Shea A. Fugate's Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b).  Doc. No. 50.  The Commissioner does not oppose.  *Id.* at 9; Local Rule 3.01(c).  Upon review, the motion (Doc. No. 50) will be **DENIED without prejudice**.

In the motion, Attorney Fugate states that Claimant was awarded a total of $49,730.00 in past-due benefits, and seeks recovery of § 406(b) fees based thereon. Doc. No. 50, at 3.  According to the motion, Claimant received an award of past-due benefits of $26,465.00 for a period beginning December 4, 2019, Plaintiff appealed that decision, and was subsequently awarded an additional period of

disability starting in September 2018, with an additional award of $23,265.00. *Id.* at 2–3.

On review, the Court ordered supplemental briefing from Attorney Fugate as to her contention that the past due benefits awarded to Claimant totaled $49,730.00. Doc. No. 51. Specifically, although Attorney Fugate stated that Claimant was awarded $49.730.00 in past due benefits, the documentation submitted in support demonstrated two periods for which disability benefits were awarded, periods which overlapped, and it was not clear whether these amounts were awarded separately. *See* Doc. No. 50-2, at 3 (awarding $26,465.00 from June 2020 through April 2022), Doc. No. 50-3, at 1–2 (awarding $23,265.00 from September 2018 through January 2024, but only paying Claimant $17,448.75).

Attorney Fugate timely submitted her response. Doc. No. 52. However, the response does not sufficiently establish that the past due benefits totaled $49,730.00. *Id.* Instead, Attorney Fugate states, without citation to evidence or any authority, that the amounts awarded were separate because "[t]he notices do not indicate that the second award replaced or reduced any part of the first award." *Id.* at 2. Alternatively, Attorney Fugate says that she has reached out to the Social Security Administration ("SSA") for clarification on the amounts awarded, but she has not received a response to her multiple inquiries. *Id.* at 3.

Absent any evidence or legal authority supporting Attorney Fugate's

position that Claimant was actually awarded a total of $49,730.00 in past due benefits, the undersigned cannot recommend that Attorney Fugate's motion (Doc. No. 50) be granted, and instead will require Attorney Fugate to "obtain further documentation from SSA's Payment Center" as alternatively requested. *See* Doc. No. 52, at 3.

Accordingly, it is **ORDERED** that Attorney Fugate shall forthwith seek documentation from the SSA establishing the amount of past due benefits actually awarded to Claimant. Attorney Fugate may file a renewed motion, as appropriate, within **ten (10) days** of receipt of documentation from the SSA establishing the total amount of past due benefits actually awarded.

**DONE** and **ORDERED** in Orlando, Florida on February 25, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties